JOSEPH A. YANNY, ESQ., SBN 97979
RAPHAEL B. EMANUEL, ESQ., SBN 218755
KIM D. ASHLEY, ESQ., SBN 253160
YANNY & SMITH
1801 Century Park East, 23rd Floor
Los Angeles, California 90067
Telephone: (310) 551-2966
Facsimile: (310) 551-1949

Attorneys for Plaintiff Kippys, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIPPYS, INC., a California Corporation,<br><br>Plaintiff,<br>v.<br><br>ABOUT ATTITUDE, an entity of unknown form, 13817 Village Mill Drive, Suite 200, Midlothian, Virginia 23114; KIM LOGUE, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | NO.: 08 CV 0397H<br><br>DECLARATIONS OF ROBERT KIPPERMAN, CATHERINE BUSBEE AND RAPHAEL B. EMANUEL IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION |

Respectfully submitted by,

YANNY & SMITH

Dated: March __3__, 2008

_____
Joseph A. Yanny

1
DECLARATIONS IN SUPPORT OF EX PARTE TRO/PI APPLICATION

# DECLARATION OF ROBERT "BOB" KIPPERMAN

I, Robert ("Bob") Kipperman, declare the following:

1. I am an Owner and President of Kippys, Inc., a California corporation (hereinafter referred to as "Kippys"), plaintiff in the case entitled Kippys v. About Attitude, et al, United States District Court for the Southern District of California, presently pending before this court.

2. I offer this declaration in support of Kippys' Ex Parte Application For a Temporary Restraining Order and An Order To Show Cause re Preliminary Injunction. I have knowledge of the facts stated herein and if called to testify to the same I could and would do so.

3. Kippys is the original creator, manufacturer and distributor of the famous "Kippys" line of clothing and accessories sold and distributed throughout the world under the "Kippys" marks, based here in San Diego for many decades.

4. Kippys has registered these marks at the United States Federal level and in several foreign countries.

5. Presently, Kippys is the owner of the following Federally registered trademarks, which marks are incontestable pursuant to 15 USC §§ 1065 and 1115(b):

   a. No. 3,219,265 for "Kippys" (first use and first use in commerce 1948) for clothing in International Class 25 (marked as Exhibit A); and

   b. No. 3,219,266 for "Kippys" (first use and first use in commerce 1948) for clothing in International Class 25 (marked as Exhibit B).

Kippys' above-referenced trademarks are hereinafter collectively referred to as the "Kippys Marks."

6. Kippys is the owner of the following copyrights whose registrations are currently pending:

   a. "Kippys Big Cowboy Belt" (creation completed 2001) for a work of the visual arts (application marked as Exhibit C); and

   b. "The Original Kippys Catalog" (creation completed in 2008) for a work of the visual arts;

  Kippys' above-referenced copyrights are hereinafter collectively referred to as the "Kippys Copyrights."

  7. Kippys' signature item is its "Big Cowboy Belt" whose design was completed in 2001 to which Kippys owns the copyright. The Big Cowboy Belt was made famous in 2001 when the well known music artist Madonna wore it on the cover of her single "What it Feels Like for a Girl," and during the accompanying *Drowned World* tour. Since then countless other celebrities have been seen wearing Kippys' products.

  8. Kippys' products are famous for their high quality and attention to detail. The "Big Cowboy Belt" is made using Italian leather and authentic Austrian Swarovski crystals. Each Big Cowboy Belt is guaranteed for life.

  9. Kippys' merchandise is sold in all the fashion capitals of the western world, including Paris, London, Monte Carlo, Moscow, Dubai, and Beverly Hills.

  10. Kippys products are advertised and listed for sale in "The Original Kippys Catalog" which was completed in 2008 as a work of the visual arts and is currently pending copyright registration.

  11. Kippys' trademarks are extremely famous throughout the world. This high level of name recognition among the public gives these marks lucrative appeal in other markets.

  12. The words used in Kippys' trademarks are not descriptive of belts, clothing, or any other products or services provided under those respective marks. The trademarks are each inherently distinctive.

  13. As a result of Kippys' efforts through advertising, promotions, sales, and customer service, as well as favorable recommendations by Kippys' customers, Kippys' products have achieved enormous popularity among the public.

  14. In addition, because of these efforts, Kippys' trademarks have acquired substantial

goodwill and have been well recognized by the public for a long period of time, serving as an indicator of Kippys as the source of origin of its products.

15. Kippys became aware that Defendants have produced, publicly displayed, distributed and sold belts that are nearly identical in appearance to Kippys' signature "Big Cowboy Belt" when I saw an ad in People Magazine, which is marked as Exhibit D, in late February, 2008.

16. In the marketing of these belts, Defendants have used marks in an attempt to sell goods similar to those Kippys sells. The problem is that their products are of a shoddy and inferior quality and tarnish Kippys' reputation and good name. Their use of the marks in this fashion is also likely to cause terrible and widespread confusion among the public as to the belts' origin.

17. Kippys has learned about the defendants' activities after seeing a three page spread in the March 2008 issue of People Magazine. Depicted in the spread are celebrities wearing various articles of clothing and accessories, each with the blurb "Get the Look!" and purchasing information. Celebrity Gretchen Wilson is showing in three photos wearing legitimate Kippys "Big Cowboy Belts." The blurb "KIPPYS BELT" is prominently displayed across the photos. The word "KIPPYS" is in a script that renders it extremely similar to Kippys' trademark. A fourth belt is shown next to the purchasing information. This belt looks nearly identical to Kippys' Big Cowboy Belt but is, in fact, of far inferior quality. Kippys is known for using genuine Swarovski crystals on its "Big Cowboy Belt" which span the entire length of the belt, ending at the buckle. The crystals on the belt depicted for sale are described as "rhinestones" and do not extend all the way to the buckle. That is the way I knew it was not our's.

18. Kippys also learned about the defendants' activities from their website "aboutattitude.com." The website lists for sale the infringing Belt with the caption "As Seen in People" and "Rhinestone Belt" but nothing more except a price of approximately $59.00 when the legitimate product sells for more than $300.00.

19.    Defendants have no right, license or other authority from Kippys to use any of Kippys' Trademarks or copyrights for any purpose.

20.    Based on the manner in which they used our property, in my opinion, these people knew of the Kippys trademarks and copyrights, certainly knew that the Kippys trademarks and copyrights were owned by someone other than themselves; and knew that they had not received any authority from Kippys to use them for any purposes.

21.    Defendants' activities result in irreparable injury and damage to Kippys' reputation by using the it's trademarks for commercial purposes in a manner beyond Kippys' control.  Kippys is informed and belives that the Defendants deliberately, willfully, and maliciously used the trademarks in order to trade on the goodwill that Kippys has attained in the trademarks; in order to dilute and tarnish Kippy's trademarks, and to confuse the public into believing that the use is licensed or authorized by Kippys.

22.    Defendants' activities also irreparably harm Kippys by infringing on its copyright in the design of the "Big Cowboy Belt."  The degree of near identical design used by these people shows that they knew of and copied our products.

23.    From my experience, people like this who copy others simply disappear when you try to catch them or notify them and compensation becomes impossible for the damages they have done. Additionally, the copying is getting so terrible that for the first time we have actually begun to experience losses instead of profits from the activities we have profited by through the years and have worked so hard to establish. Under circumstances like this it becomes nearly impossible to be made whole. Despite this, I have found that these types of people usually keep small inventory not exceeding $10,000.00 in investment and that should be about the extent of their loss if they were to be stopped from doing this kind of damage to my legitimate business

1  interests.

2  I declare under penalty of perjury under the laws of the United States of America that the

3  foregoing is true and correct based on my personal knowledge.

4

5  Executed this _____ day of March, 2008 in San Diego, California.

6

7

8  _____

9  Robert Kipperman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6
DECLARATIONS IN SUPPORT OF EX PARTE TRO/PI APPLICATION

### DECLARATION OF CATHERINE BUSBEE

I, Catherine Busbee, declare the following:

1. I am an employee of Kippys, Inc., a California corporation located in San Diego, California.

2. I offer my declaration in support of Kippys' Ex Parte Application For a Temporary Restraining Order and An Order To Show Cause re Preliminary Injunction. I have personal knowledge of the facts stated herein and if called to testify to the same I could and would do so.

3. On February 18, 2008, I purchased one (1) belt from aboutattitude.com via Internet order.

4. On February 18, 2008, I received email confirmation of the order from aboutattitude.com and on February 26, 2008, email confirmation of shipping, marked as Exhibit H.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct based on my personal knowledge.

Executed this 3 day of March, 2008 in San Diego, California.

_____
Catherine Busbee

---

7
DECLARATIONS IN SUPPORT OF EX PARTE TRO/PI APPLICATION

## DECLARATION OF RAPHAEL B. EMANUEL

I, Raphael B. Emanuel, declare the following:

1. I am an attorney duly licensed to practice law in the State of California and an associate with Yanny & Smith, attorneys for Kippys, Inc. ("Kippys").

2. I offer my declaration in support of Kippys' Ex Parte Application for a Temporary Restraining Order and An Order To Show Cause re Preliminary Injunction. I have personal knowledge of the facts stated herein except for those specifically stated upon information and belief and if called to testify to the same I could and would do so.

3. I hereby certify that Exhibit A is a true and accurate copy of the certificate of Kippys' trademark registration of mark number 3,219,265 for "Kippys" (first use and first use in commerce 1948) for clothing in International Class 25 taken from the United States Patent and Trademark Office website.

4. I hereby certify that Exhibit B is a true and accurate copy of the certificate of Kippys trademark registration of mark number 3,219,266 for "Kippys" (first use and first use in commerce 1948) for clothing in International Class 25 taken from the United States Patent and Trademark Office website.

5. I hereby certify that Exhibit C is a true and accurate copy of Kippys' copyright application for the Big Cowboy Belt received by the United States Copyright Office.

6. I hereby certify that Exhibit D is a true and accurate copy of the March 2008 issue of People Magazine showing the Defendants' belt for sale as "Kippys Belt."

7. I hereby certify that Exhibit E is a true and accurate copy of aboutattitude.com's listing of its "As Seen in People Rhinestone Belt" as it appeared prior to March 1, 2008.

8. I hereby certify that Exhibit F is a true and accurate copy of aboutattitude.com's listing of its "Rhinestone Belt" as it appeared as of March 1, 2008.

9. I hereby certify that Exhibit G is a true and accurate copy of the cover of the Madonna single "What it Feels Like for a Girl" as obtained from the internet.

10. I hereby certify that Exhibit H is a true and accurate copy of aboutattitude.com's email confirmation regarding the shipment of one belt ordered by Catherine Busbee.

11. Kippys has not attempted to notify the Defendants of this application.

12. Based on my experience, information and belief, notice should not be required because it is likely to cause irreparable harm to Kippys, Inc. It is Kippys' good faith belief that Defendants willfully, maliciously and intentionally infringed upon Kippys' trademarks and copyrights and willfully, maliciously and intentionally engaged in behavior constituting unfair competition any attempt to notify the Defendants is likely to cause them to destroy, hide, and conceal evidence necessary for Kippys' prosecution of its claims. Through my experience, I am informed and believe that it is likely that Defendants who willfully, maliciously and intentionally infringe upon either trademarks or copyrights, or who engage in acts of unfair competition, are likely to destroy, hide, and conceal evidence. Therefore notice should not be required for this application until the infringing material can be impounded.

13. Based on my experience, information, and belief, notice would also cause irreparable harm to Kippys because Kippys is currently suffering immediate economic and reputational harm by Defendants' actions and so immediate relief is necessary; attempts to notify Defendants could result in delays that would allow Defendants' conduct to continue to cause irreparable economic and reputational harm to Kippys.

Executed this __3__ day of March, 2008 in Los Angeles, California.

_____
Raphael B. Emanuel