Stuart E. Jones, (State Bar No 104566)
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
San Francisco, California 94104-4705
Telephone: (415) 391-7111
Telefax: (415) 391-8766

Attorneys for Defendant
Kim Logue, an individual
doing business as About Attitude

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIPPYS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ABOUT ATTITUDE, an entity of unknown form, 13817 Village Mill Drive, Suite 200, Midlothian, Virginia; KIM LOGUE, an individual, and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.:08-CV-0397 H<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>Date:   March 24, 2008<br>Time:  10:00 a.m.<br>Dept:   13<br>Judge:  Marilyn L. Huff |

## I.     FACTUAL BACKGROUND

This action arises out of a dispute relating to the purchase and sale of women's fashion accessories. Kim Logue [Hereinafter referred to as Ms. Logue] is a resident of the Commonwealth of Virginia. Ms. Logue is a sole proprietor, doing business as About Attitude. Ms. Logue also owns the domain name: AboutAttitude.com. Logue Decl. ¶1.

On December 19, 2007, Ms. Logue was contacted by Joyce Huang, who is a freelance author regarding an upcoming article entitled "I Really Love My…" for the March 2008 edition of People Magazine. On December 19, 2007, Ms. Huang sent an E-mail and some photos or J-Peg images to Ms. Logue. One of the photos depicted Gretchen Wilson who was wearing a belt. Ms. Huang asked Ms. Logue if she could procure a belt like the one being worn by Gretchen Wilson in

the photos.  Logue Decl. ¶2 and Exhibit 1.  Shortly after Ms. Huang contacted Ms. Logue, Ms. Logue performed a search for products that looked like the belt depicted in the photograph of Gretchen Wilson.  Ms. Logue conducted a search on eBay's website and found a belt that was similar to the belt that was depicted in the photo of Gretchen Wilson.  A copy of the eBay web page that depicts the belt is attached hereto, marked Exhibit 2.  A link to the eBay web page that depicts the belts that were purchased by Ms. Logue is located at: http://cgi.ebay.com/ws/eBayISAPI.dll?ViewItem&item=220204204967&ih=012&category=45214 Logue Decl. ¶3

After Ms. Logue had located a source of belts for sale, she contacted Ms. Huang and told her that she had located a supplier of belts that were similar to the belt that was depicted in the photo of Gretchen Wilson.  The belts that were located by Ms. Logue on eBay were not exact copies of the belt that was depicted in the photo of Gretchen Wilson.  Ms. Logue forwarded a copy of the image that was depicted on eBay along with a link to her website http://www.aboutattitude.com to Ms. Huang.  Logue Decl. ¶ 4

Ms. Huang and People Magazine did not pay Ms. Logue any sum of money for her efforts in connection with the March 2008 article in People Magazine that is depicted in Exhibit D of Plaintiff's Application for a TRO.  Logue Decl. ¶ 5  Ms. Logue did not pay any sum of money to Ms. Huang or People Magazine in exchange for the placement of her firm's contact information in the March 2008 article in People Magazine that is depicted in Exhibit D of Plaintiff's Application for a TRO.  Logue Decl. ¶ 6  Ms. Logue did not draft, prepare, review or approve any portion of the March 2008 article in People Magazine that is depicted in Exhibit D of Plaintiff's Application for a TRO.  Logue Decl. ¶ 7

The March 2008 article in People Magazine that is depicted in Exhibit D of Plaintiff's Application for a TRO contains the text "Kippys Belt" and an arrow on the photo of Gretchen Wilson.  Ms. Logue did not take the photograph of Ms. Wilson.  Ms. Logue did not apply the text "Kippys Belt" to the photograph and Ms. Logue did not place the arrow on the photograph.  Ms. Logue did not prepare, review or approve of the photographs of Ms. Wilson which are depicted in the March 2008 article in People Magazine as shown in Exhibit D of Plaintiff's Application for a TRO.  Logue Decl ¶8

Ms. Logue has never used the words "Kippys" or "Kippys Belt" in connection with any of her business activities. Ms. Logue has never used the trademark "Kippys" in connection with her business activities. Ms. Logue has never made a copy of 'Kippys Belt' which is the subject of this lawsuit. Ms. Logue has never asked anyone to make a copy of "Kippys Belt" which is the subject of this lawsuit. Ms. Logue has never sold any merchandise that was represented to be a product of Kippys, Inc. Ms. Logue has never sold any merchandise that was represented to be a copy of merchandise that is sold by Kippys, Inc. Logue Decl. ¶9-14  Finally, Ms. Logue has removed the image of the rhinestone belt and the cover page of the March 2008 edition of People Magazine from her website. Logue Decl. ¶ 15

## II.   PROCEDURAL BACKGROUND

On March 3, 2008, Plaintiff Kippys, Inc., [Hereinafter referred to as Plaintiff] filed a Complaint against Kim Logue. The Complaint seeks damages and injunctive relief based upon the following causes of action: 1. Federal Trademark Infringement; 2. California Trademark Infringement; 3. Federal Trademark Dilution; 4. California Trademark Dilution; 5. Copyright Infringement; 6 Federal Unfair Competion and 7. California Unfair Competition. On March 4, 2008, Plaintiff filed an Ex Parte Application for a Temporary Restraining Order and an Order to Show Cause Re: Preliminary Injunction. On March 6, 2008, this Court entered a Scheduling Order Re: Plaintiff's Ex Parte Motion for Temporary Restraining Order.

## III.   ARGUMENT

### a. The Court May Grant Injunctive Relief Only After the Applicant has Satisfied the Requisite Criteria

The basis for injunctive relief [preliminary or permanent] in the federal courts has always been irreparable injury and the inadequacy of legal remedies. *Weinberger v Romero-Barcelo* (1982) 456 US 305, 312. An injunction never issues as a matter of course. In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. Although particular regard should be given to the public interest, a federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law. *Amoco Production Co. v Village of Gambell, Alaska* (1987)

480 US 531, 542.

Many courts utilize the test for injunctive relief historically employed by courts of equity. This test requires plaintiff to demonstrate the following:

1. A likelihood of success on the merits;
2. A substantial threat that plaintiff will suffer irreparable injury if the injunction is denied;
3. The threatened injury outweighs any damage the injunction might cause to the defendant (i.e., the balance of hardships favors the plaintiff) and
4. The injunction will not disservice the public interest.

See *eBay, Inc. v MercExchange, LLC* (2006) 547 U.S. 388, 391.  See also *Weinberger v Romero-Barcelo* (1982) 456 US 305, 311-313.

### b. Kippys Has Failed to Demonstrate a Likelihood of Success

#### 1. Trademark Dilution

The 1996 Federal Trademark Dilution Act [1996 FTDA] said that the accused use had to be use of a "mark or trade name." Thus, the 1996 FTDA meant that the accused use had to be a trademark or trade name use. It did not mean that the use could be any kind of use of the famous "mark or trade name." If the statute meant to refer to the use of the plaintiff's "famous mark," it would have said so. Although there was some judicial hesitation on this point, the 1996 federal statute effectively codified the case law rule under state statutes that a non-trademark use does not dilute.  See McCarthy on Trademarks and Unfair Competition § 24:122 (4th ed. 2008); See Also *Nabisco, Inc. v PF Brands, Inc.*, 191 F3d 208, 223 (2d Cir. 1999); See Also *Avery Dennison Corp v Sumpton*, 189 F3d 868, 880 [Commercial use under the FTDA requires the defendant to be using the trademark as a trademark, capitalizing on its trademark status]

The 2006 Trademark Dilution Revision Act [2006 TDRA] clarified any residual confusion about whether illegal dilution requires that the accused designation must be used as a trademark or trade name. The statute makes it clear that a non-trademark and non-trade name use of the accused designation <u>cannot</u> dilute. The 2006 TDRA emphasizes this point by twice stating that the accused use must be of "a mark or trade name," once in the introductory paragraph of Lanham Act §

43(c)(1), 15 U.S.C.A. § 1125(c)(1) and again in the definitions of blurring and tarnishment in § 43(c)(2)(B) & (C), 15 U.S.C.A. § 1125(c)(2)(B) & (C).  See McCarthy on Trademarks and Unfair Competition § 24:122 (4th ed. 2008);

The uncontroverted evidence establishes that Ms. Logue was not the author of the article; Ms. Logue did not insert the words "Kippys Belt" on the photo of Gretchen Wilson; Ms. Logue did not review or approve the March 2008 People Magazine article; and that Ms. Logue did not use the Kippys trademark.  Logue Decl ¶¶ 7-10  On these facts, Plaintiff is not likely to prevail on the merits on the trademark dilution claims.  Accordingly, the Motion for a Temporary Restraining Order should be denied.

## 2. Trademark Infringement and Unfair Competition

"Likelihood of confusion" is the basic test of both common-law trademark infringement and federal statutory trademark infringement.  Infringement of federally registered marks is governed by the test of whether the defendant's use is "likely to cause confusion, or to cause mistake, or to deceive."  A federal claim under Lanham Act § 43(a) for infringement of an unregistered mark is triggered by a use which "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association" of the user with the senior user.  The Patent and Trademark Office (PTO) uses the same test under Lanham Act § 2(d) in determining whether a mark which is the subject of an application for registration is likely to cause confusion with a previously used or registered mark."  See McCarthy on Trademarks and Unfair Competition § 23:1 (4th ed. 2008)

Ms. Logue does not dispute the fact that Kippys has two validly registered trademarks for "Kippys."  Those trademarks are depicted in Exhibits A and B in support of the Motion for a Temporary Restraining Order.  But Ms. Logue does dispute the allegation that she has used either of the Kippys trademarks for any purpose what so ever.  The uncontroverted evidence establishes that Ms. Logue was not the author of the article; Ms. Logue did not insert the words "Kippys Belt" on the photo of Gretchen Wilson; Ms. Logue did not review or approve the March 2008 People Magazine article; and Ms. Logue did not use the Kippys trademark.  Logue Decl ¶¶ 7-10   On these facts, Plaintiff is not likely to prevail on the merits on the trademark infringement claims.

Accordingly, the Motion for a Temporary Restraining Order should be denied.

### 3. Copyright Infringement

In order to prevail on a claim for copyright infringement, Plaintiff must establish ownership of a valid copyright and copying of the constituent elements of the work that are original. See *Feist Publications v Rural Tel. Serv. Co*. (1991) 499 US 340, 341; see also *Swirsky v Carey*, 376 F 3d 841, 844 (9th Cir. 2004)

According to Plaintiff's Complaint, Plaintiff has filed applications for copyright registration of Kippys copyrights with the United States Copyright Office. See Plaintiff's Complaint Page 12:17-19. Nowhere in the Complaint does Plaintiff allege ownership of a valid copyright for the belt that is the subject of this lawsuit. Moreover, the uncontroverted evidence establishes that Ms. Logue was not the author of the People Magazine article; Ms. Logue did not take the photographs of the Kippys Belt; Ms. Logue did not insert the words "Kippys Belt" on the photo of Gretchen Wilson; Ms. Logue did not review or approve the March 2008 People Magazine article; and that Ms. Logue did not copy Kippys Big Cowboy Belt. Logue Decl. ¶¶ 7-14 On these facts, Plaintiff is not likely to prevail on the merits of the copyright infringement claim. Accordingly the Motion for a Temporary Restraining Order should be denied.

### c. Kippys Has Suffered No Irreparable Injury

As discussed previously, Ms. Logue did not draft, review or approve of the People Magazine article. Thus, there was no trademark infringement or trademark dilution. Ms. Logue did not copy any works from Kippys. Rather, she purchased belts from eBay. On these facts, Kippys has not suffered any irreparable injury.

### d. The Balance of Hardships Favors Ms. Logue

Ms. Logue sells a variety of women's fashion apparel. An injunction could put Ms. Logue out of business. Since Ms. Logue did not infringe upon the Kippys trademarks and did not copy any works from Kippys, no injunction should be issued.

### e. No Injunction Should be Issued

Kippys has failed to establish that Ms. Logue infringed upon the Kippys trademarks; diluted the Kippys trademarks or infringed upon the Kippys copyrighted works, if any. On these

facts, Plaintiff's Motion for a Temporary Restraining Order should be denied.

## IV. CONCLUSION

It is respectfully submitted that Plaintiff has failed to meet its burden of proof for injunctive relief and the Motion for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction should be denied.

DATED: March 17, 2008                    Respectfully submitted,

WRIGHT, ROBINSON, OSTHIMER & TATUM

By: /s/ Stuart E. Jones

Stuart E. Jones
*Wright, Robinson, Osthimer & Tatum*
44 Montgomery St., 18th Floor
San Francisco, CA  94104
(415) 391-7111, Fax (415) 391-8766
sjones@wrightrobinson.com

Attorneys for Defendant
Kim Logue, an individual
doing business as About Attitude

---

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR    {SF30489.1} 7
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

# CERTIFICATE OF FILING

I hereby certify that on March 17, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send a notification of electronic filing to the following CM/ECF Participants and served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

Joseph A. Yanny, Esq.
Raphael B. Emanuel, Esq.
Kim D. Ashley, Esq.
Yanny & Smith
1801 Century Park East, 23rd Floor
Los Angeles, California 90067
Telephone: (310) 551-2966
Facsimile: (310) 551-1949
Attorneys for Plaintiff Kippys, Inc.

Respectfully submitted,

By: /s/ Stuart E. Jones

Stuart Jones
*Wright, Robinson, Osthimer & Tatum*
44 Montgomery St., 18th Floor
San Francisco, CA 94104
(415) 391-7111, Fax (415) 391-8766
sjones@wrightrobinson.com