JOSEPH A. YANNY, ESQ., SBN 97979
RAPHAEL B. EMANUEL, ESQ., SBN 218755
KIM D. ASHLEY, ESQ., SBN 253160
YANNY & SMITH
1801 Century Park East, 23rd Floor
Los Angeles, California  90067
Telephone: (310) 551-2966
Facsimile: (310) 551-1949

Attorneys for Plaintiff Kippys, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIPPYS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ABOUT ATTITUDE, an entity of unknown form, 13817 Village Mill Drive, Suite 200, Midlothian, Virginia 23114; KIM LOGUE, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | NO.: 08-CV-0397 H<br><br>**PLAINTIFF'S REPLY BRIEF TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND INJUNCTION**<br><br>Date:  March 24, 2008<br>Time:  10:00 a.m.<br>Dept:  13<br>Judge:  Marilyn L. Huff |

## I.    INTRODUCTION

An injunction is the wise course of conduct in this case. The spread in People Magazine looks like an advertisement for all practical purposes and until Plaintiff can discover what this spread is and who is responsible for it, the publication should be absorbed for what it is; it is an attempt to play on the Kippys name.

## II.     ARGUMENT

### a.   Applicant has Satisfied the Requisite Criteria for Injunctive Relief

In the Ninth Circuit, the test for issuing a preliminary injunction is based on a sliding scale approach. As stated by that court in *Save Our Sonoran Inc. v. Flowers, et al.*:

> We have described two sets of criteria for preliminary injunctive relief. Under the "traditional" criteria, a plaintiff must show "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. Cal. State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir.1995). **Alternatively, a court may grant the injunction if the plaintiff "demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor."** Id. (internal quotation marks and citations omitted).

381 F.3d 905 (9th Cir. 2004) (emphasis added). As demonstrated below, Kippys has satisfied the requisite criteria for injunctive relief.

### b.   Kippys Has Demonstrated Probable Success on the Merits, or at Least That Serious Questions are Raised

Plaintiff has already stated facts demonstrating a probable success on the merits in its Memorandum in Support of a Temporary Restraining Order. Ms. Logue now urges that she is not liable for any of the complained of conduct as she was not the instigator. (*See* Def.'s Mem. P. & A. Opp'n Pl.'s Mot. T.R.O. at 2, 5-6).

Ms. Logue is the sole proprietor of About Attitude, a business that buys and sells "women's fashion accessories such as jewelry, handbags, belts and other items." (Logue Decl. ¶ 1). As such, Ms. Logue was approached by a freelance author and asked to procure a belt "like the one being worn by Gretchen Wilson." (Logue Decl. ¶ 2). As Ms. Logue is in the fashion accessories industry, Ms. Logue should have been aware that the belt worn by Gretchen Wilson was the famous Kippys Big Cowboy Belt. Nonetheless, Ms. Logue took it upon herself to locate a nearly identical, albeit inferior, imitation of the

1  belt to supply the author with. (See Logue Decl. ¶ 3). Even assuming, *arguendo*, that Ms.

2  Logue was unaware at that point that Gretchen Wilson was wearing a Kippys belt, Ms.

3  Logue subsequently capitalized on the Kippys name when the magazine was released.

4      Ms. Logue is aware that the People Magazine spread contains the text "Kippys

5  Belt" and an arrow on the photograph of Gretchen Wilson. (Logue Decl. ¶ 8). Knowing

6  this, Ms. Logue prominently featured the People Magazine spread on her website and

7  captioned the belt "As Seen in People." (See Pl.'s Exhibit E in Supp. of Mot. for a

8  T.R.O.) As Ms. Logue has clearly and intentionally capitalized on the magazine spread,

9  she should not be shielded from liability for trademark dilution, unfair competition,

10  trademark infringement, and copyright infringement.

11  **c.   Kippys Has Already Suffered and Will Continue to Suffer Irreparable Injury**

12

13      For Ms. Logue to assert that Kippys has suffered no irreparable injury is to

14  grossly misstate the facts. Kippys Inc. has suffered dilution and tarnishment of its name

15  and goodwill. It has lost incalculable amounts of revenue and has suffered the loss of

16  innumerable customers.

17  **d.   The Balance of Hardships Tip Sharply in Kippys' Favor**

18      The balance of hardships clearly favors Kippys in this case. Kippys simply asks

19  that Ms. Logue be enjoined from doing something which she has already voluntarily

20  ceased doing. (Def.'s Mem. P. & A. Opp'n Pl.'s Mot. T.R.O. at 3). To argue that an

21  injunction "could put Ms. Logue out of business" is disingenuous at best. (Def.'s Mem. P.

22  & A. Opp'n Pl.'s Mot. T.R.O. at 6). Ms. Logue sells numerous items on her website. (See

23  Exhibit I for a sampling of items. The full website is available at

24  www.aboutattitude.com.) It is highly improbable that the loss of revenue from the sale of

25  one belt, which Defendant has already voluntarily removed from her website, could cause

26  Ms. Logue to be put out of business. Furthermore, Ms. Logue currently only has one of

27

28

1  the belts in her office. (Logue Decl. ¶ 1). Therefore, she does not stand to suffer any of

2  the losses associated with having to withhold a large inventory of goods. Despite all these

3  factors, Ms. Logue intentionally attempted to mislead the Court with her argument.

4          On the other side of the equation, Kippys will suffer irreparable injury from the

5  infringement on its federal trademarks and copyrights. As Kippys has previously noted,

6  irreparable harm is presumed as long as likelihood of success is shown in both trademark

7  and copyright infringement cases. (Pl.'s Mem. at 14, 16-17).

8          Furthermore, the benefit to the public in not having to suffer the inevitable

9  confusion which arises out of Defendant's conduct weighs in favor of an injunction.

10                          **III.    CONCLUSION**

11          By all indications, Defendant should not be believed. Her clever attempts to trade

12  on Kippys' goodwill must be enjoined. Therefore, Kippys respectfully requests that this

13  Court grant a preliminary injunction, setting a minimum bond of $1.00, to prevent what

14  Defendant has already voluntarily ceased to do and that which she has no right to do.

15

16

17  DATED: March  20, 2008                    Respectfully submitted by,

18

19                                            YANNY & SMITH

20                                            By: /s/ Joseph A. Yanny
                                              Joseph A. Yanny
21                                            Attorneys for Plaintiff
                                              Email: mail@yannylaw.com
22

23

24

25

26

27

28

1

**CERTIFICATE OF FILING**

2

I hereby certify that on March 20, 2008, I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send a notification of electronic

4

filing to the following CM/ECF Participants and served upon all counsel of record by

5

placing a copy of the same in the United States Mail, postage prepaid, and sent to their

6

last known address as follows:

7

8

Stuart Jones
Wright, Robinson, Osthimer & Tatum

9

44 Montgomery St., 18th Floor
San Francisco, CA 94104

10

(415) 391-7111, Fax (415) 391-8766
sjones@wrightrobinson.com

11

12

By: /s/ Joseph A. Yanny

13

Joseph A. Yanny
YANNY & SMITH

14

Email: mail@yannylaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28