**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIPPYS, INC., a California corporation,<br><br>                      Plaintiff,<br>vs.<br><br>ABOUT ATTITUDE, an entity of unknown form, 13817 Village Mill Drive, Suite 200, Midlothian, Virginia 23114; KIM LOGUE, an individual, and DOES 1 through 50, inclusive,<br><br>                      Defendants. | CASE NO. 08-CV-0397 H (AJB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER** |

On March 3, 2008, plaintiff Kippys, Inc. ("Plaintiff") filed a complaint against defendants About Attitude and Kim Logue. (Doc. No. 1.) On March 4, 2008, Plaintiff filed an ex parte motion for a temporary restraining order ("TRO") and for an order to show cause regarding a preliminary injunction. (Doc. Nos. 3-6.) The Court declined to grant ex parte injunctive relief and set a hearing for March 24, 2008. (Doc. No. 7.) On March 17, 2008, Kim Logue, an individual doing business as About Attitude, filed a response in opposition to Plaintiff's motion for a TRO.[1] (Doc. No. 9.) Plaintiff filed a reply on March 20, 2008.

---

[1] Defendant filed evidentiary objections to the declarations of Robert Kipperman and Raphael Emanuel that Plaintiff submitted in support of Plaintiff's motion for a TRO. (See Doc. No. 9.) Plaintiff in turn filed objections to Defendant's evidence. (Doc. No. 10-4.) The Court has reviewed each party's objections and has considered only such evidence as is proper in ruling on Plaintiff motion for injunctive relief.

After consideration of the parties' submissions, the Court exercises its discretion pursuant to Civil Local Rule 7.1(d)(1) to decide this matter without oral argument. Accordingly, the Court vacates the hearing set for March 24, 2008. For the following reasons, the Court denies Plaintiff's motion for a TRO.

## **Background**

Plaintiff is a California corporation in the business of designing, manufacturing and distributing clothing and fashion accessories, including belts, which Plaintiff sells under the Kippys marks. (See Compl. ¶ 4.) Plaintiff owns two federally registered trademarks for "Kippys." (Id. ¶ 6, 9; see Exhibits ISO Plf's. Ex Parte App. for TRO ("Plf's. Exhibits"), Exs. A, B.) The complaint alleges that Kippy's signature item is its Big Cowboy Belt, Model No. B150-BC. (Compl. ¶ 12.) The Big Cowboy Belt, which Plaintiff states has been worn by Madonna and other celebrities, features Swarovski crystals that span the length of the belt, ending at the buckle. (See Decl. of Robert Kipperman ISO Plf's Ex Parte App. for TRO ("Kipperman Decl.") ¶ 8.) On February 27, 2008, Plaintiff filed an application for copyright registration of the Big Cowboy Belt with the United States Copyright Office. (Plf's. Exs., Ex. C.) That application is currently pending. (Id.; see Compl. ¶ 12.)

Plaintiff's request for a TRO arises out of a three page spread in the March 2008 issue of People Magazine ("People"), entitled "Get the Look!" (See Plf's. Exs., Ex. D.) The spread depicts celebrities wearing various articles of clothing or accessories, including three photos of Gretchen Wilson wearing what Plaintiff asserts are legitimate Kippys belts. (Id.) The text "KIPPYS BELT" appears across those photos. (Id.) Adjacent to the photos is a fourth belt, which Plaintiff asserts is not a legitimate Kippys belt, along with text stating "Get the Look!" and "Rhinestone-Studded Belt, $59; aboutattitude.com." (Id.) Plaintiff alleges that, at one point, Defendant's website aboutattitude.com depicted belts with the caption "As Seen In People Rhinestone Belt"; as of March 1, 2008, Defendant's website allegedly displays the belt next to a picture of the March 2008 issue of People. (See Plf's. Exs., Exs. E, F.)

1     Based primarily on these facts, Plaintiff filed a complaint asserting claims for federal and state trademark infringement, 15 U.S.C. § 1114 and Cal. Bus. & Prof. Code § 14320; unfair competition, 15 U.S.C. § 1125(a) and Cal. Bus. & Prof. Code § 17200 et seq.; trademark dilution, 15 U.S.C. § 1125(c) and Cal. Bus. & Prof. Code § 14330; and copyright infringement, 17 U.S.C. § 101 et seq. and 17 U.S.C. §§ 501 through 505.

    Defendant Kim Logue's response in opposition to Plaintiff's motion for a TRO focuses on Defendant's involvement in the creation and publication of the People "Get the Look!" spread. Ms. Logue is a sole proprietor, doing business as About Attitude, and Ms. Logue owns the domain name AboutAttitude.com. (Decl. of Kim Logue in Oppo. to Plf's. Mot. for TRO and Prelim. Inj. ("Logue Decl.") ¶ 1.) Ms. Logue buys and sells women's fashion accessories. (Id.) All of her products are bought at trade shows or online, and Ms. Logue sells all of her products online. (Id.) On December 19, 2007, Ms. Logue received an email from Joyce Huang, stating that Ms. Huang was doing freelance work in connection with the fashion section of People's then-upcoming March 2008 issue. (Logue Decl. ¶ 2, Ex. 1.) Ms. Huang asked Ms. Logue whether she could procure a belt like the one in the photos of Gretchen Wilson. (Logue Decl. ¶ 2.)

    After receiving Ms. Huang's request, Ms. Logue found a similar belt by conducting a search on eBay's website. (Id. ¶ 3, Ex. 2.) Ms. Logue then located a source of belts for sale. (Id. ¶ 4.) At that point, she informed Ms. Huang that she had located a supplier of similar belts. (Id.) Ms. Logue forwarded to Ms. Huang a copy of the image depicted on eBay, as well as a link to Ms. Logue's website www.aboutattitude.com. (Id.)

    Defendant asserts that this was the full extent of her participation in the creation of the People spread at issue in this motion. Ms. Logue states that she did not draft, prepare, review or approve any portion of that article. She further states that she did not apply the text "KIPPYS BELT" to the photographs, and that she has never used the words "Kippys" or "Kippys Belt" in connection with any of her business activities. (See Logue Decl. ¶¶ 7-9.) Ms. Logue asserts that neither Ms. Huang nor People Magazine paid her any sum of money for her efforts, and similarly that Ms. Logue did not pay any money in exchange for

1  the placement of Ms. Logue's firm's contact information in the March 2008 issue of
2  People.  (Id. ¶¶ 5-6.)  Finally, Ms. Logue states that she has removed the image of the
3  rhinestone belt and the cover page of the March 2008 edition of People Magazine from her
4  website.  (Id. ¶ 15.)

### Discussion

**A.     Plaintiff's Motion for a TRO – Legal Standard**

When notice has been provided to the adverse party, the standard for issuing a TRO is the same as that for a preliminary injunction.  See Fed. R. Civ. P. 65(b) (procedures and limitations for granting TRO without notice).  "A plaintiff is entitled to a preliminary injunction in a trademark case when he demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in his favor." Brookfield Communications, Inc. v. West Coast Entertainment Corp., 174 F.3d 1036, 1046 (9th Cir. 1999); see Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998) (applying same standard to non-trademark case).  The Ninth Circuit's alternative formulations for the issuance of a preliminary injunction "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases."  Roe v. Anderson, 134 F.3d at 1402; see Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003).  For the following reasons, the Court concludes that Plaintiff has not satisfied either of the Ninth Circuit's standards for a TRO.

**B.     Likelihood of Success on the Merits**

Plaintiff argues that it is entitled to a TRO because Plaintiff is likely to succeed on its claims for trademark dilution, trademark infringement, copyright infringement and unfair competition.  (See Mem. Pts. Auths. ISO Plf's. Ex Parte App. for TRO at 6-14.) Injunctive relief is available for violations of those statutes.  E.g., 15 U.S.C. § 1116 (jurisdiction "to grant injunctions . . . to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under section 1125(a)").  "When the evidence shows that the defendants are engaged in, or about

1  to be engaged in, the act or practices prohibited by a statute which provides for injunctive
2  relief to prevent such violations, irreparable harm to the plaintiff[] need not be shown."
3  Burlington Northern R. Co. v. Dept. of Revenue, 934 F.2d 1064, 1074 (9th Cir. 1991).
4       Here, however, Plaintiff's motion fails to establish probable success on the merits.
5  Regarding Plaintiff's claims for trademark infringement and dilution, Plaintiff has not
6  established that Defendants used either of the Kippys marks.  Plaintiff has not provided the
7  Court with any evidence that Ms. Logue used the Kippys mark, and Ms. Logue asserts that
8  she did not insert the words "KIPPYS BELT" on the photos in People, that she did not
9  review or approve the article before it was published, and that she has never used the words
10 "Kippys" or "Kippys Belts" in connection with her business.  On these facts, the Court
11 cannot conclude that Plaintiff has established probable success on the merits of Plaintiff's
12 trademark claims.
13      To prevail on its copyright infringement claim, Plaintiff must establish ownership of
14 a valid copyright and copying by Defendants of the protected elements.  See Swirsky v.
15 Carey, 376 F.3d 841, 844 (9th Cir. 2004).  Copying by Defendants may be established by
16 showing that Defendants had access to the copyrighted work and that the allegedly
17 infringing product was "substantially similar" to the protected elements.  Id.  Although the
18 Court understands Plaintiff's desire to zealously protect its Big Cowboy Belt, based on the
19 evidence submitted in connection with Plaintiff's motion for a TRO the Court cannot
20 conclude that Plaintiff will probably establish copying by Defendants.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**Conclusion**

In sum, the Court concludes that Plaintiff's motion fails to establish a combination of probable success on the merits and the possibility of irreparable injury. See Brookfield Communications, Inc., 174 F.3d at 1046. The Court further concludes that Plaintiff has not demonstrated that the balance of hardships tips sharply in Plaintiff's favor. Id. The Court therefore denies Plaintiff's motion for a TRO, without prejudice to Plaintiff's ability to seek a preliminary injunction if warranted by the facts.

IT IS SO ORDERED.

DATED: March 21, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT