1  JOSEPH A. YANNY, ESQ., SBN 97979
   RAPHAEL B. EMANUEL, ESQ., SBN 218755
2  KIM D. ASHLEY, ESQ., SBN 253160
   YANNY & SMITH
3  1801 Century Park East, 23rd Floor
4  Los Angeles, California 90067
   Telephone: (310) 551-2966
5  Facsimile: (310) 551-1949

6  Attorneys for Plaintiff Kippys, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIPPYS, INC., a California Corporation,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>ABOUT ATTITUDE, an entity of unknown form, 13817 Village Mill Drive, Suite 200, Midlothian, Virginia 23114; KIM LOGUE, an individual, and DOES 1 through 50, inclusive,<br><br>　　　　　　　Defendants. | NO.: 08-CV-0397 H (AJB)<br><br>FIRST AMENDED COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; CALIFORNIA TRADEMARK INFRINGEMENT; FEDERAL TRADEMARK DILUTION; CALIFORNIA TRADEMARK DILUTION; COPYRIGHT INFRINGEMENT; FEDERAL UNFAIR COMPETITION; AND CALIFORNIA UNFAIR COMPETITION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Kippys. Inc., (hereinafter "Plaintiff") complains and alleges as follows:

### JURISDICTION AND VENUE

1.　　This action arises under the Trademark Laws and Lanham Act, as amended (15 U.S.C. §§ 1114, 1116, 1117, 1125(a), and 1125(c)); the Copyright Laws of the United States (17

1
FIRST AMENDED COMPLAINT: DEMAND FOR JURY TRIAL

U.S.C. §101, et seq. and §§ 501 through 505); California Business & Professions Code §§ 14320, 14330, 17200, et seq., and 17500; and California common law. Jurisdiction is proper under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). Jurisdiction is also proper pursuant to this Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367 in that the state law claims alleged herein are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) in that substantial part of the events or omissions giving rise to the claims herein occurred within this Judicial District.

3. Venue is also proper in this Judicial District under 28 U.S.C. § 1400(a) in that personal jurisdiction was established when the defendants purposefully availed themselves of this Judicial District.

### THE PARTIES

4. Plaintiff Kippys, Inc., (hereinafter "Plaintiff") is a California corporation, having its principal place of business at 1114 Orange Ave., Coronado, CA 92118. Plaintiff is in the business of designing, manufacturing and distributing its proprietary line of high end clothing, including, but not limited to, belts, jackets, shirts, hats, caps, sun visors, socks, shorts and pants.

5. a. Plaintiff is informed and believes, and on such basis alleges, that Defendant About Attitude is a Virginia entity of unknown form, having its principal place of business at 13817 Village Mill Dr. Suite 200, Midlothian, VA 23114 and is conducting business in California and within this Judicial District.

b. Plaintiff is informed and believes, and on such basis alleges, that Defendant Kim Logue is an individual employed by and/or associated with Defendant About Attitude and is a principal. Ms. Logue's email address was listed as the press contact on About Attitude's website and she is the individual who corresponds with potential customers.

c. Plaintiff is ignorant of the true names and capacities of Defendants sued

herein as DOES 1 - 50, inclusive, and therefore sues said Defendants by fictitious names. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when ascertained.

d. Plaintiff is informed and believes, and on such basis alleges that each of the aforementioned Defendants (hereinafter collectively referred to as "Defendants") acted at all times alleged herein as the agent, employee, representative, and/or alter ego of the other Defendants; is responsible in some manner for the occurrences alleged herein; and caused the injuries alleged herein.

## GENERAL ALLEGATIONS

### Plaintiff and the Kippys Marks

6. Plaintiff is the owner of the mark "Kippys" and the Kippys logo ("Kippys Marks") for clothing.

7. Plaintiff has been using The Kippys Marks since 1948 for clothing, including, but not limited to, belts, jackets, shirts, hats, caps, sun visors, socks, patches, shorts and pants and is well known and respected in the industry.

8. Plaintiff enjoys substantial success in the market for its clothing and related goods and has acquired extraordinary goodwill in its trademarks, particularly with respect to its belts and high end western apparel, which have received an extraordinarily high degree of recognition in the media and are worn by some of the world's most famous singers, artists and musicians in their performances, photographs and other public appearances.

9. In addition to the longstanding use and goodwill mentioned above, Plaintiff has registered its marks at the United States Federal level and in several foreign countries. Presently, Plaintiff is the owner of: the United States Registration No. 3,219,265 for "Kippys" (first use in 1948 and first use in commerce 1948) for clothing in International Class 25; and United States Registration No. 3,219,266 for "Kippys" (first use in 1948 and first use in commerce 1948) for clothing in International Class 25). (*See* Exhibits A and B).

10. The words used in the Kippys Marks are not descriptive of clothing. Therefore, the Kippys Marks are inherently distinctive.

11. In addition, as a result of Plaintiff's efforts through advertising, promotions, sales, and customer service, as well as favorable recommendations by Plaintiff's customers, the Kippys Marks have achieved significant popularity among the public. As a result of these efforts and Plaintiff's exclusive use of the Kippys Marks, the marks have acquired substantial goodwill and secondary meaning (acquired distinctiveness) for a long period of time, serving as an indicator of Plaintiff as the source of origin of its services. At no time has Plaintiff authorized Defendants or any of them to use in any fashion the famous Kippys Trademarks.

### Plaintiff and the Kippys Copyrights

12. Plaintiff has carefully designed each item in its line of clothing, including, but not limited to, its Kippys Big Cowboy Belt (Model B150-BC) (hereinafter "Big Cowboy Belt"), using proprietary materials and design elements including text, graphics, logos, images and overall design. Plaintiff filed an application for copyright registration of Plaintiff's Big Cowboy Belt with the United States Copyright Office. Attached hereto as Exhibit C is a true and correct copy of this application. Plaintiff subsequently received a Certificate of Registration bearing the number VA 1-633-977, with an effective date of February 27, 2008.

13. Plaintiff has also carefully designed its catalog, available in both print and CD-ROM format, with proprietary content, materials, and design elements, including text, graphics, logos, images and content layout. Plaintiff has filed an additional application for Copyright registration of Plaintiff's catalog copyrights with the United States Copyright Office. Attached hereto as Exhibit B is a true and correct copy of this application.

14. At no time has Plaintiff authorized Defendants to reproduce, adapt or distribute the Big Cowboy Belt, any work found in Plaintiff's catalog, or any other work owned by the Plaintiff.

**FIRST AMENDED COMPLAINT: DEMAND FOR JURY TRIAL**

**Defendants' Unlawful Conduct**

15. Plaintiff is informed and believes, and on such basis alleges, that Defendants have been using and continue to use the Kippys Marks and Kippys Copyrights in conjunction with their online clothing sales; namely, belt sales, without license or any other form of consent from Plaintiff. Specifically, Defendants are capitalizing on a misleading spread in the March 2008 issue of People Magazine in which celebrity Gretchen Wilson is featured wearing Kippys' signature "Big Cowboy Belt." The text states "Kippys Belt" and directs readers to Defendants' website, where customers can purchase a belt captioned "As Seen in People Magazine – Rhinestone Belt." (*See* Exhibits D and E). [Please note that on March 1, 2008, Plaintiff discovered that the About Attitude website had been revised. Attached as Exhibit F are the relevant pages of the new website, which still references People Magazine.]

16. Plaintiff is informed and believes, and on such basis alleges that Defendants' use of the Kippys Marks and Kippys Copyrights has caused confusion and is likely to continue to cause confusion as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' services.

17. Plaintiff is informed and believes, and on such basis alleges, that Defendants knew of the Kippys Marks and Kippys Copyrights and that the same were owned by someone other than themselves; knew that the marks were distinctive; and knew that Defendants had not received any authority from Plaintiff to use the marks or copyrights for any purposes.

18. Plaintiff is informed and believes, and on such basis alleges, that Defendants have deliberately, willfully, and maliciously used the Kippys Marks and Kippys Copyrights in order to trade on the goodwill that Plaintiff has attained in its marks and the distinctive designs embodied in Plaintiff's work covered by its copyrights, to dilute the Kippys Marks and to confuse the public into believing that Defendants' unauthorized use is license, authorized or originated by Plaintiff.

19. Defendants' unlawful activities are willful and result in irreparable injury and damage to Plaintiff.

## FIRST CLAIM FOR RELIEF

(Federal Trademark Infringement)

(Against All Defendants)

20. This claim for relief arises under 15 U.S.C. § 1114.

21. Plaintiff realleges the allegations in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

22. Plaintiff is the owner of the Federally Registered trademarks set forth in Paragraph Nine above. These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning.

23. Plaintiff is informed and believes, and on such basis alleges, that Defendants are using the Kippys Marks in connection with clothing and accessories sales in the United States.

24. Defendants have not been authorized by Plaintiff to use any of its marks for any purpose whatsoever.

25. Defendants' unauthorized use of the Kippys Marks has confused and/or is likely to confuse the public as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' services.

26. Defendants' unauthorized use has led and/or is likely to lead the public to believe that Defendants' activities are authorized by Plaintiff, or with the permission, approval or endorsement of Plaintiff.

27. Defendants' unlawful activities injure the public by depriving the public of the right to be free from confusion in the marketplace.

28. By reason of this unauthorized use of the Kippys Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

29. Plaintiff is informed and believes, and on such basis alleges, that this infringing use by Defendants has been deliberate and willful, entitling Plaintiff to increased damages and attorneys fees.

30. Plaintiff is informed and believes, and on such basis alleges that, unless restrained and enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights and cause confusion, deception and mistake among the trade and the consuming public as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' services.

31. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Defendants will continue to use the Kippys Marks, thus continuing to infringe Plaintiff's mark.

32. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(California Trademark Infringement)

(Against All Defendants)

33. This claim for relief arises under California Business & Professions Code § 14320 and California common law.

34. Plaintiff realleges the allegations in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

35. Plaintiff is the owner of common law trademarks, including the Kippys Mark as set forth above. These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning.

36. Plaintiff is informed and believes, and on such basis alleges, that Defendants are using the Kippys Marks in connection with clothing sales in the United States.

37. Defendants have not been authorized by Plaintiff to use any of Plaintiff's marks for any purpose whatsoever.

38. Defendants' unauthorized use of the Kippys Marks has confused and/or is likely to confuse the public as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' services.

39. Defendants' unauthorized use is has lead or is likely to lead the public to believe Defendants' activities are authorized by Plaintiff, or with the permission, approval or endorsement of Plaintiff.

40. Defendants' unlawful activities injure the public by depriving the public of the right to be free from confusion in the marketplace.

41. By reason of this unauthorized use of the Kippys Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

42. Plaintiff is informed and believes, and on such basis alleges that, unless restrained and enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights and cause confusion, deception and mistake among the trade and the consuming public as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' services.

43. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Defendants will continue to use the Kippys Marks, thus continuing to infringe Plaintiff's Marks.

44. Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

(Federal Unfair Competition)

(Against All Defendants)

45. This claim for relief arises under 15 U.S.C. § 1125(a).

46. Plaintiff realleges the allegations in paragraphs 1 through 44 of this Complaint as though fully set forth herein.

47.  As alleged previously, Plaintiff is the owner of the Kippys Marks, which have acquired substantial goodwill and secondary meaning.

48.  As also alleged above, Defendants have used the Kippys Marks in connection with clothing without permission or authority from Plaintiff.

49.  Plaintiff is informed and believes, and on such basis alleges, that Defendants' unauthorized use of the Kippys Marks constitutes a false designation of origin and false or misleading representation of fact, which is likely to cause confusion, mistake, or to deceive customers and potential customers as to the affiliation or association of Plaintiff and Defendants.

50.  Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these acts of false designation of origin and false representation, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial.

51.  Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

52.  Plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF

(California Unfair Competition)

(Against All Defendants)

53.  This claim for relief arises under the California Business & Professions Code §§ 17200, et seq. and 17500.

54.  Plaintiff realleges the allegations in paragraphs 1 through 52 of this Complaint as though fully set forth herein.

55.  Plaintiff is informed and believes, and on such basis alleges, that Defendants' conduct was and continues to be unfair and fraudulent behavior pursued in the course of their businesses in that the actions were likely to deceive present and potential customers of Plaintiff.

56.  Defendants have unlawfully derived income and profits from its activities and will

9
**FIRST AMENDED COMPLAINT: DEMAND FOR JURY TRIAL**

1  continue to so derive income and profits from its acts of unfair competition, and Plaintiff has
2  sustained, and will continue to sustain, substantial injury, loss and damage in an amount
3  according to proof.

4  57.  Defendants' activities have caused Plaintiff irreparable injury and unless
5  Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer
6  irreparable harm and injury.

7  58.  Plaintiff has no adequate remedy at law.

## FIFTH CLAIM OF RELIEF

(Federal Trademark Dilution)

(Against All Defendants)

11  59.  This claim for relief arises under 15 U.S.C. §1125(c).

12  60.  Plaintiff realleges the allegations in paragraphs 1 through 58 of this Complaint as
13  though fully set forth herein.

14  61.  Plaintiff is the owner of Federally Registered trademarks, including the Kippys
15  Marks set forth in Paragraph Nine above. These marks are inherently distinctive, have acquired
16  substantial goodwill and secondary meaning, and are famous within the meaning of 15 U.S.C. §
17  1125(c)(1) of the Federal Trademark Dilution Act of 1995.

18  62.  Defendants are using the Kippys Marks without authorization from Plaintiff in
19  connection with its clothing sales.

20  63.  Defendants have not been authorized by Plaintiff to use any of Plaintiff's marks
21  for any purpose whatsoever, including the use of the Kippys Marks in connection with clothing.

22  64.  Plaintiff is informed and believes, and on such basis alleges, that Defendants' use
23  of the Kippys Marks dilutes the marks by lessening the capacity to identify and distinguish
24  Plaintiff's goods in the stream of commerce.

25  65.  Plaintiff is informed and believes, and on such basis alleges, that Defendants' use
26  of the Kippys Marks occurred only after the marks had become famous.

66. By reason of this unauthorized use of the Kippys Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these diluting acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

67. Plaintiff is informed and believes, and on such basis alleges that, through this use, Defendants deliberately and willfully intended to trade on the goodwill that Plaintiff has attained in the Kippys Marks and to cause dilution of the Kippys Marks, entitling Plaintiff to increased damages and attorneys fees.

68. Plaintiff is informed and believes, and on such basis alleges that, unless restrained and enjoined by this Court, Defendants will continue to use the Kippys Marks, thus continuing to cause the dilution of the Kippys Marks.

69. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

70. Plaintiff has no adequate remedy at law.

### SIXTH CLAIM OF RELIEF

(California Trademark Dilution)

(Against All Defendants)

71. This claim for relief arises under California Business & Professions Code § 14330.

72. Plaintiff realleges the allegations of paragraphs 1 through 70 of this Complaint as though fully set forth herein.

73. Plaintiff is the owner of State and common law trademarks, including the Kippys Marks, set forth above. These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning.

74. Plaintiff is informed and believes, and on such basis alleges that Defendants, with full knowledge of the public recognition of Plaintiff's trademarks, including the Kippys Marks, has used the Kippys Marks in conjunction with clothing.

75. The aforementioned actions of Defendants have caused, and are likely to continue to cause, injury to Plaintiff's business and professional reputation and to dilute the distinctive quality of the Kippys Marks in violation of Section 14330 of the California Business & Professions Code.

76. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

77. Plaintiff has no adequate remedy at law.

## SEVENTH CLAIM OF RELIEF

(Copyright Infringement)

(Against All Defendants)

78. This claim for relief arises under 17 U.S.C. 101, et seq and §§ 501 through 505 and is alleged against all Defendants.

78. Plaintiff realleges the allegations in paragraphs 1 through 77 of this Complaint.

79. Plaintiff is the exclusive owner of the Kippys line of clothing, including, but not limited to, the Kippys Big Cowboy Belt (Model B150-BC) and all the associated proprietary content, materials and design elements, including, text, graphics, button icons, logos, images and content layout, collectively entitled the Kippys Copyrights.

80. Plaintiff is also the exclusive owner of the Original Kippys Catalog and all the associated proprietary content, materials and design elements, including text, graphics, logos, images and content layout.

81. As set forth above, Kippys filed applications for Copyright registration of Kippys Copyrights with the United States Copyright Office. See Declaration of Raphael B. Emanuel ¶ 5

(hereinafter "Emanuel Decl."). The Certificate of Registration was issued effective February 27, 2008, and bears the number VA 1-633-977 for "Kippys Big Cowboy Belt."

82. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, by their above-enumerated acts have directly or indirectly infringed on Kippys' exclusive rights including, but not limited to: the right of reproduction, the right to prepare derivative works, the right to distribute copies, and the right of public display by publishing, reproducing, displaying, and adapting Kippys copyrighted materials in People Magazine and on its website. *See* Declaration of Robert "Bob" Kipperman ¶¶ 17 - 18 (hereinafter "Kipperman Decl.").

83. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, by their above-enumerated acts have willfully infringed Plaintiff's exclusive rights in and to Plaintiff's Copyrights in violation of 17 U.S.C. §§ 101 *et seq.*

84. Plaintiff is informed and believes, and based thereon alleges, that Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from their infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial.

85. Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

86. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. That the Court issue an ex parte temporary restraining order, enjoining and prohibiting Defendants, and their officers, agents, employees and attorneys, and any person in active concert or participation with it or who are acting under its direction, and each of them, from the following:

(a) directly or indirectly diluting the Kippys Marks and damaging Plaintiff's goodwill, reputation and business related thereto,

      (b)    directly or indirectly infringing the Kippys Marks in any manner, and from causing, contributing to or participating in, the unauthorized manufacture, distribution, and/or sale of any product which bears any of the Kippys Marks,

      (c)    directly or indirectly engaging in conduct which tends falsely to represent or is likely to confuse, mislead or deceive members of the public,

      (d)    directly or indirectly infringing Plaintiff's rights in the Kippys Copyrights in any manner,

      (e)    Otherwise unfairly competing with Plaintiff in any manner, and

      (f)    Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

2.    That this Court issue a preliminary injunction, prohibiting Defendants from directly or indirectly diluting or infringing the Kippys Marks and Kippys Copyrights, and in any manner unfairly competing with Plaintiff; and from inducing, or contributing to or participating in any such acts referred to in paragraph 1 of this prayer;

3.    That this Court issue a permanent injunction, prohibiting Defendants from directly or indirectly diluting or infringing the Kippys Marks and Kippys Copyrights, and in any manner unfairly competing with Plaintiff; and from inducing, or contributing to or participating in any such acts referred to in paragraph 1 of this prayer;

4.    That the Court award Plaintiff its damages from Defendants including recovery of any compensatory damages sustained by Plaintiff as a result of Defendants' activities described herein;

5.    That the Court order Defendants to account for all gains, profits and advances derived by Defendants from the acts complained of, together with appropriate interest thereon;

6.    That the Court further award Plaintiff an increase in damages in an amount found or assessed as a result of willful acts of trademark infringement, unfair competition and copyright infringement under 15 U.S.C. § 1117 and 17 U.S.C. §§ 504 and 505;

**FIRST AMENDED COMPLAINT: DEMAND FOR JURY TRIAL**

7. That Defendants pay Plaintiff's costs and disbursements in this action, together with reasonable attorneys' fees; and

8. That Plaintiff have such other and further relief as the Court may deem just and proper.

DATED: August _7_, 2008    Respectfully submitted by,

YANNY & SMITH

/s/ Kim Ashley

Joseph A. Yanny
Raphael B. Emanuel
Kim D. Ashley
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this matter.

DATED: August __7__, 2008                    Respectfully submitted by,

                                              YANNY & SMITH


                                              /s/ Kim Ashley
                                              _____
                                              Joseph A. Yanny
                                              Raphael B. Emanuel
                                              Kim D. Ashley
                                              *Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT: DEMAND FOR JURY TRIAL

**CERTIFICATE OF FILING**

I hereby certify that on August 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notification of electronic filing to the following CM/ECF Participants and served upon counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

Stuart Jones
LECLAIRRYAN LLP
44 Montgomery St., 18th Floor
San Francisco, CA 94104
(415) 391-7111, Fax (415) 391-8766
stuart.jones@leclairryan.com

DATED: August 11, 2008                    Respectfully submitted by,


                                          YANNY & SMITH

                                          By: __/s/ Kim Ashley_____

                                          Joseph A. Yanny
                                          Kim D. Ashley
                                          Raphael B. Emanuel
                                          YANNY & SMITH
                                          1801 Century Park East, 23rd Floor
                                          Los Angeles, CA 90067
                                          (310) 551-2966, Fax (310) 551-1949
                                          Email: mail@yannylaw.com
                                          *Attorneys for Plaintiff, Kippys, Inc.*