cal_____

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIPPYS, INC., a California corporation, ) | Civil No.08cv0397 H (AJB) |
| Plaintiff, ) | |
| v. ) | ORDER FOLLOWING SETTLEMENT |
| ) | STATUS CONFERENCE |
| ABOUT ATTITUDE, an entity of unknown ) | |
| form, 13817 Vilage Mill Drive, Suite 200, ) | |
| Midlothian, Virginia 23114; KIM LOGUE, an ) | |
| individual and DOES 1 through 50, inclusive, ) | |
| ) | |
| Defendants. ) | |

On August 29, 2008, the Court convened a Settlement Status Conference in the above entitled action. Appearing were Kim Ashley, Esq. and Joe Yanni, Esq. on behalf of plaintiff; Stewart Jones, Esq. on behalf of defendant.

The conference was set to discuss the appropriate timing for the Mandatory Settlement Conference. The views of the parties are so disparate, on the facts and the law, that completing discovery and testing the legal issues by summary judgment will be necessary to begin a meaningful conversation.

Based thereon, the Court sets a Mandatory Settlement Conference for *July 8, 2009 at 1:30 p.m.* Counsel shall submit settlement briefs **directly** to chambers *(via e:mail at efile_battaglia@casd.uscourts.gov)* and serve copies on all counsel. Plaintiff's brief shall be submitted to chambers and served on all counsel no later than *June 24, 2009*. Defendant's brief shall be submitted to chambers and served on all counsel no later than *July 1, 2009*. The briefs shall set forth the party's

statement of the case and the party's settlement position, including the last offer or demand made by that party and a separate statement of the offer or demand the party is prepared to make at the Settlement Conference. Settlement Conference briefs shall not exceed ten (10) pages in length, and shall ***not*** include exhibits or attachments.  Each party and claims adjusters for insured defendants, in addition to any other representatives with full authority to enter into a binding settlement[1], as well as the principal attorney (s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the Mandatory Settlement Conference. **Any special arrangements desired in cases where settlement authority rests with a governing body shall be proposed in advance.**

IT IS SO ORDERED.

DATED:  September 4, 2008

　　　　　　　　　　　　　　　　　　　　　　　　　_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

---

[1] "Full authority to settle" means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int.'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the persons view of the case may be altered during the face to face conference. Pitman at 486.  A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).